UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JUAREZ F. BARRETO,

                        Plaintiff,

       -against-                         **MEMORANDUM OF
                                                         DECISION AND ORDER**

MINDY PLOTKIN, Assistant District         CV 05 5675(ADS)(JO)
Attorney, Nassau County District
Attorney's Office,

                        Defendant.

------------------------------------------------------X

**A P P E A R A N C E S**:

For Plaintiff:               Juarez F. Barreto
                               05-R-5016
                               Ulster Correctional Facility
                               P.O. Box 800
                               750 Berme Road
                               Naponach, NY 12458-0800

For Defendants:          No Appearance

**SPATT, District Judge**:

     This Court issued a Memorandum of Decision and Order dated December 19, 2005, dismissing this action. However, the Court granted leave to the plaintiff to file an amended complaint within thirty days of the date of the order. The plaintiff filed an Amended Complaint on January 23, 2006. The Amended Complaint essentially states the

1

same claims as the original complaint, except that plaintiff now seeks a "jury to recommend for the criminal prosecution of Mindy Plotkin [the defendant] by the state attorney [and] an order of protection, and corresponding sanctions to be imposed. . . ."

The amended complaint sets forth additional factual allegations regarding the plaintiff's arrest for fraud and grand larceny and the prosecution by the defendant Assistant District Attorney Mindy Plotkin. The complaint explains in greater detail how the Assistant District Attorney withdrew the plea offer when the plaintiff refused to pay restitution. It also states that the plaintiff agreed to take a plea after he was pressured by the Assistant District Attorney and persuaded to do so by his court appointed counsel.

However, the additional factual details fail to overcome the same infirmity that existed in the original complaint. Namely, that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983 . . . ." Shmueli v. City of New York, 424 F.3d 231, 236–37 (2d Cir. 2005) (citations omitted) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 430, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976)); see, e.g., Kalina v. Fletcher, 522 U.S. 118, 124, 118 S. Ct. 502, 139 L. Ed.2d 471 (1997) (such a prosecutor "[i]s not amenable to suit [for damages] under § 1983"); Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the

course of his role as an advocate for the State, are entitled to the protections of absolute immunity").

None of the additional factual details in the amended complain allege that the Assistant District Attorney acted outside the scope of her employment. Accordingly, because the plaintiff attacks the manner in which the Assistant District Attorney performed her functions as an advocate by initiating and pursuing criminal prosecutions, the defendant is absolutely immune from these claims in her personal and official capacity.

Plaintiff's request for the criminal prosecution of the defendant is not cognizable. With rare exceptions not here relevant, criminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution. As such, plaintiff's request for such a prosecution cannot be approved. <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"); <u>see also</u> <u>Leeke v. Timmerman</u>, 454 U.S. 83 (1981) (inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); <u>Lis v. Leahy</u>, 1991 WL 99060, at *1 (W.D.N.Y.1991) ("[a] private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings").

Accordingly, for the reasons set forth in this order and in the Memorandum of Decision and Order dated December 19, 2005, the Amended Complaint is dismissed with prejudice.

The Clerk of the Court is directed to mark this case as closed.

Dated: Central Islip New York
February 4, 2006

**SO ORDERED.**

                                              */s/ Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                    UNITED STATES DISTRICT JUDGE